# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6196 | **DATE** | October 7, 2010 |
| **CASE TITLE** | Jeffrey W. Davis (#2009-0064569) vs. Cleavon Coleman et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Cook County Jail officials to begin making monthly deductions in accordance with this order as balances become available. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim in accordance with this order. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit an amended complaint within thirty days will result in summary dismissal of this case.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 along with a motion for leave to proceed *in forma pauperis*. Plaintiff's complaint seems to allege that: (1) a Harvey, Illinois police officer arrested him unlawfully without a warrant and unlawfully put a gun to his neck; (2) Cook County corrections officers assaulted him while at the Cook County Jail; and (3) another inmate at Cook County Jail shot him with a pistol provided by an unnamed correctional officer.

     Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Plaintiff's trust account printout submitted with his *in forma pauperis* application shows that he has no money in his trust fund account and has received no money in the past six months. Plaintiff is not required to make an initial partial filing fee at this time. 28 U.S.C. § 1915(b)(4). The supervisor of inmate trust accounts at the Cook County Jail and subsequent trust fund officers at the Plaintiff's place of confinement are directed to collect monthly payments from the Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. 28 U.S.C. § 1915(b)(2). Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee

| STATEMENT |
|---|

authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

However, Plaintiff must submit an amended complaint, as the document on file is unacceptable. The complaint contains misjoined claims against unrelated defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" Plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, Plaintiff has raised unrelated claims against regarding his arrest, an alleged assault at Cook County Jail, and an unrelated shooting involving an unnamed correctional officer and prisoner.

As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607.

For the foregoing reasons, Plaintiff's complaint is dismissed, without prejudice. Plaintiff must choose a single, core claim to pursue under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits.

Plaintiff is granted thirty days from the date of this order to submit an amended complaint on the Court's required form. **Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the amended complaint.**

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations Plaintiff wishes the Court to consider must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed in its entirety.

In sum, Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court

| STATEMENT |
|---|
| authorizes and orders Cook County Jail officials to begin making monthly deductions in accordance with this order as balances become available. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies) limited to a single, core claim in accordance with this order. The clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order. Failure to submit an amended complaint within thirty days will result in summary dismissal of this case. |